IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STATE OF GEORGIA | : | PRISONER REMOVAL PETITION |
|    Plaintiff, | : | 28 U.S.C. §§ 1443, 1446 |
| | : | |
| v. | : | |
| | : | |
| RYAN CASTANEIRA, | : | CIVIL ACTION NO. |
|    Defendant/Petitioner. | : | 1:11-CV-3054-TWT-JFK |

**MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Ryan Castaneira, confined in Dooly State Prison in Unadilla, Georgia, has submitted this action to remove to this State court criminal action, number 2008R-0155, which is pending on post-trial proceedings in the Superior Court of Fayette County.[1] (Doc. No. 1). The Clerk of Court is **DIRECTED** to adjust the docket to show that this is a prisoner removal petition, 28 U.S.C. §§ 1443, 1446, and that the State of Georgia is the Plaintiff and Castaneira is the Defendant and removal Petitioner. The matter is before the Court for screening under 28 U.S.C. § 1446(c)(4), which requires the Court promptly to examine an attempt to remove a state criminal proceedings, and "[i]f it clearly appears on the face of the notice and any exhibits

---

[1] Petitioner states that he has post-trial motions pending, (Doc. No. 1, "Grounds for Removal" ¶ 11), and the Clerk of the Superior Court of Fayette County has indicated that a motions hearing is scheduled for October 18, 2011.

annexed thereto that removal should not be permitted, the court shall make an order for summary remand."[2]

## I. Discussion

Petitioner was indicted in Fayette County for, among other things, attempt to commit child molestation, attempt to entice a child for indecent purposes, and possession of marijuana. (Doc. No. 1, Ex. 1, I-1). The jury found Petitioner guilty, and, as indicated above, Petitioner currently has certain post-judgment motions pending in his criminal case. (Doc. No. 1, "Grounds for Removal" ¶¶ 4, 11); see also www.dcor.state.ga.us (follow "Offender Information" hyperlink, GDC ID No. 1000114830). Petitioner states that he is filing a notice of removal because (1) he is part of a select class of adults who share an interest in unpopular sexual activities, which Petitioner indicates includes his interest in a partner who plays the role of a child, and (2) his state proceedings are not protecting his rights or affording him equal protection as a member of that class. (Doc. No. 1 at 2-6; "Grounds for Removal" ¶¶ 11, 13-15, 21, 24-36).

---

[2]Petitioner has not paid a filing fee.  Because filing fees are not required for removal of a criminal action under § 1443, it is not necessary to grant Petitioner in forma pauperis status in this action.  See Lefton v. City of Hattiesburg, Miss., 333 F.2d 280, 285 (5th Cir. 1964).

Under Chapter 89 of Title 28, certain state criminal prosecutions may be removed to federal district court. 28 U.S.C. § 1446(a). Removal is allowed for a criminal prosecution commenced in State court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1).[3] Under § 1443(1), a removal petition "must satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213, 219 (1975); Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009); Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001). First, a petitioner must show the deprivation of a right that "arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson, 421 U.S. at 219 (citation omitted). Second, the deprivation generally must "'be manifest in a formal expression of state law[.]'" Id. at 219-20 (giving as an example a state trespass law that made it a crime for an African American to exercise his federal right to seek service in a public restaurant without

---

[3] Section 1443(2) "covers only federal officers and those acting under them" and is not applicable. Bell v. Taylor, 509 F.2d 808, 809 n.1 (5th Cir. 1975) (citing Greenwood v. Peacock, 384 U.S. 808, 814-15 (1966) ("[Section] 1443(2) . . . is available only to federal officers and to persons assisting such officers in the performance of their official duties.")); De Jesus v. Georgia, No. 3:10-CV-53 (CAR), 2010 WL 3420828, at *2 (M.D. Ga. Aug. 26, 2010) (same).

3

regard to his race).  Thus, § 1443 protects against state prosecution for exercising a federal civil right to racial equality.  <u>Georgia v. Rachel</u>, 384 U.S. 780, 792-93 (1966). The removing party carries the burden of showing that removal under § 1443 is proper. <u>Smith v. City of Jackson</u>, 358 F.2d 705, 705 (5th Cir. 1966); <u>see</u> <u>also</u> <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."); <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . , [and] uncertainties are resolved in favor of remand.").

Petitioner does not allege that for the crimes involved – child molestation, enticing a child for indecent purposes, and drug possession – he was prosecuted for exercising a federally protected civil right to racial equality or that a formal expression of state law has deprived him of a federally protected right to racial equality. Accordingly, removal of criminal action number 2008R-0155, pending on post-trial proceedings in the Superior Court of Fayette County, is not permitted.

## II.  Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that (1) Petitioner's removal of the criminal post-trial proceeding from the Superior Court

AO 72A
(Rev.8/82)

of Fayette County was improper and that this Court lacks jurisdiction and (2) this action be **REMANDED** to the Superior Court of Fayette County.[4]

The undersigned **FURTHER RECOMMENDS** that all pending motions, (Doc. Nos. 2-10), be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO DIRECTED AND RECOMMENDED** this 11th day of October, 2011.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[4]Superior Court of Fayette County, P.O. Box 130, Fayetteville, GA  30214.

5